UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:18CV-00101-JHM

TAMATHA SPENCER                                                                          PLAINTIFF

v.

SONIC DRIVE INN et al.                                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendants, Nick Richter, Scott Market, James Caldwell, and Amanda Richter (collectively, the "Individual Defendants"), to dismiss the claims against them pursuant to Fed. R. Civ. P. 12(b)(6) [DN 9]; on a motion by Plaintiff, Tamatha Spencer, to amend the complaint [DN 17]; and on a motion by Plaintiff for leave to file a late response to the Individual Defendants' motion to dismiss [DN 18]. Fully briefed, these matters are ripe for decision.

## I. BACKGROUND

Plaintiff, Tamatha Spencer, began employment at the Sonic Drive-In in Owensboro, Kentucky on April 4, 2016. Spencer maintains that from May 2017 to October 30, 2017, a former store manager, James Caldwell, sexually harassed her at work through sexually explicit comments and unwanted touching. Spencer contends that she reported the conduct to Nick Richter, her area manager, who did not investigate the claim or remedy the harassment. Spencer alleges that she was retaliated against by Amanda Richter, a new store manager, for reporting Caldwell's conduct through the receipt of shorter work hours, being placed on probation, and criticism of her work. Because of this treatment, Spencer alleges that she was forced to resign on December 8, 2017.

On November 27, 2017, Spencer filed a charge of discrimination against Defendant, Drive-

In of Evansville, Inc. (originally named in the complaint as "Sonic Drive-In") with the Equal Employment Opportunity Commission ("EEOC") alleging claims of sex discrimination, sexual harassment, and retaliation pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*. On February 18, 2018, the EEOC dismissed Spencer's charge and issued a Dismissal and Notice of Rights.

On May 18, 2018, Plaintiff, *pro se*, filed a complaint in the Daviess Circuit Court against Defendants, Sonic Drive-In, Scott Market (incorrectly named as Scott Henderson), Nick Richter, Amanda Richter, and James Caldwell, alleging sexual harassment, sex discrimination, retaliation, and wrongful termination. On June 19, 2018, the Defendants removed this action to this Court.

On June 26, 2018, the Individual Defendants moved to dismiss the claims against them arguing that Title VII does not permit individual liability. On August 30, 2018, Spencer moved to amend her complaint pursuant to Fed. R. Civ. P. 15 to correct "names incorrectly given and other small corrections." (Motion to Amend Compl. at 1.) In her proposed amended complaint, Spencer removes as Defendants at least three individual managers and supervisors. Spencer now asserts a claim against the Sonic Drive-In Franchise including in the heading of the amended complaint in parenthesis the Drive-In of Evansville and Scott Market, the franchise owner. On that same day, Spencer filed a motion for leave to file a late response to the Individual Defendants' motion to dismiss. The Court will first address the motion to amend.

## II. MOTION TO AMEND COMPLAINT

Spencer moves for leave to file an amended complaint pursuant to Fed. R. Civ. P. 15(a). Spencer argues that her proposed amended complaint will cure "errors such as names incorrectly given and other small corrections." (Motion to Amend Compl. at 1.)

Fed. R. Civ. P. 15(a)(2) states that after a responsive pleading has been served, "a party

may amend its pleading only with the opposing party's written consent or the court's leave." A district court should freely grant a plaintiff leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). The determination of whether the circumstances of a case are such that justice would require the allowance of an amendment is committed to the sound discretion of the district court. Hayden v. Ford Motor Co., 497 F.2d 1292, 1294 (6th Cir. 1974). A trial court may consider a number of factors in making this determination, including undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice, futility of the amendment, or the repeated failure to cure deficiencies by amendments previously allowed. Foman v. Davis, 371 U.S. 178, 182 (1962). In the absence of any of these factors, a plaintiff should be afforded the opportunity to amend its complaint. Id.

The amended complaint removes at least three of the Individual Defendants, Nick Richter, James Caldwell, and Amanda Richter. With respect to Scott Market, the amended complaint appears to suggest that Spencer intends to bring only a suit against the Sonic Drive-In Franchise, which is legally known as Drive-In of Evansville, Inc. and is owned by Scott Market. However, statements in Spencer's tendered late response to the Individual Defendants' motion to dismiss calls that interpretation into question. (Plaintiff's Resp. at 1, DN 18-1).

Accordingly, the Individual Defendants argue that the Court should not grant Plaintiff's leave to file her amended complaint because her amended complaint fails to correct the fatal defects in her original complaint. They maintain that the amendment of the complaint is futile. "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000) (internal citations omitted). The Individual Defendants contend that similar to her original complaint, Plaintiff's amended complaint cannot withstand a Rule 12(b)(6) motion to dismiss because she

3

continues to name an Individual Defendant, Scott Market, as to her Title VII claims and Title VII does not permit individual liability.

While the Court understands the Individual Defendants' argument, the Court finds that the entire Amended Complaint is not futile as it adds additional factual information to support Spencer's Title VII claims and removes from the lawsuit at least three of the four Individual Defendants. In an effort to maintain a clear record, the Court in its discretion will permit the amended complaint and will address the remaining Individual Defendant's argument with respect to Title VII liability within the context of his motion to dismiss. Accordingly, the motion to amend is granted.

### III. MOTION FOR LEAVE TO FILE A LATE RESPONSE

Spencer requests leave to file a late response to the Individual Defendant's motion to dismiss. The Individual Defendants do not object to the motion for leave. Therefore, the motion is granted.

### IV. MOTION TO DISMISS

**A. Standard of Review**

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he or she "pleads

4

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 678, 679. Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**B. Discussion**

The remaining Individual Defendant, Scott Market, maintains that he must be dismissed because Title VII does not permit individual liability.

Title VII of the Civil Rights Act of 1964 provides that it is unlawful for an employer to discriminate against an individual because of that individual's sex. 42 U.S.C. § 2000e–2(a)(1). For purposes of Title VII, an employer is "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ." 42 U.S.C. § 2000e(b). Defendants do not dispute that Drive-In of Evansville is an employer under Title VII.

Spencer states in her response to the motion to dismiss that "only the Drive-In of Evansville and the owner of the Franchise are named" as Defendants. (Pla. Resp. at 1.) Given Plaintiff's response, it appears that she still seeks to hold the owner of the franchise, Scott Market, individually liable for the alleged discrimination and harassment.

In Wathen v. General Elec. Co., 115 F.3d 400 (6th Cir. 1997), the Sixth Circuit held that "an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." Id. at 405. Nothing in Spencer's amended complaint or brief suggests that Market "otherwise qualif[ies]" as Spencer's employer. According to Spencer's amended complaint, Drive-In of Evansville was her employer, not Market. Rather, Market is

merely "the owner" of the franchise. This is insufficient to hold Market individually liable. See Bardwell v. Shoney's Rest., 2018 WL 1660827, at *2 (W.D. Ky. Apr. 5, 2018)(dismissing owner of the Shoney's Restaurant); Parks v. Metro. Sec. Servs., Inc., 2014 WL 3784323, at *4 (E.D. Tenn. July 31, 2014); Harris v. Heritage Home Health Care, 939 F. Supp. 2d 793, 798–800 (E.D. Mich. 2013) (collecting cases and holding that individuals cannot be held liable under Title VII based upon their alleged status as "owners"); Dearth v. Collins, 441 F.3d 931, 934–35 (11th Cir. 2006). Accordingly, Spencer's claims against Defendant Market are dismissed for failure to state a claim upon which relief may be granted.

## V. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

1. The motion by Plaintiff, Tamatha Spencer, to amend the complaint [DN 17] is **GRANTED**. The Clerk of Court shall file Plaintiff's tendered amended complaint attached to the motion and remove Nick Richter, James Caldwell, and Amanda Richter as Defendants in this action pursuant to the amended complaint.

2. The motion by Plaintiff, Tamatha Spencer, for leave to file a late response to the Individual Defendants' motion to dismiss [DN 18] is **GRANTED**. The Clerk of Court shall file Plaintiff's tendered response attached to the motion.

3. The motion by the Individual Defendant, Scott Market, to dismiss the claims against him pursuant to Fed. R. Civ. P. 12(b)(6) [DN 9] is **GRANTED**. Scott Market is dismissed from this action. All claims remain against Defendant, Drive-In of Evansville, Inc.

cc: counsel of record
Tamatha Spencer, *pro se*

Joseph H. McKinley, Jr., Chief Judge
United States District Court

September 25, 2018