# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**CIVIL ACTION NO. 4:18CV-00101-JHM**

**TAMATHA SPENCER**  PLAINTIFF

**v.**

**DRIVE-IN OF EVANSVILLE, INC.**
*Sonic Drive-In Franchise*  DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, Drive-In of Evansville, to dismiss the claims against it for Plaintiff's failure to comply with court orders, destroying evidence, and doctoring evidence [DN 32] and on a motion by Plaintiff, Tamatha Spencer, for leave to file a late response to Defendant's motion to dismiss [DN 34]. Fully briefed, these matters are ripe for decision.

## BACKGROUND

On May 18, 2018, Plaintiff, Tamatha Spencer, *pro se*, filed a complaint against Defendants, Sonic Drive-In (Drive-In of Evansville), Scott Market, Nick Richter, Amanda Richter, and James Caldwell, alleging sexual harassment, sex discrimination, retaliation, and wrongful termination. On September 26, 2018, the Court granted Plaintiff's motion to amend her complaint removing as Defendants three of the individual managers and granted Defendants' motion to dismiss Scott Market, the franchise owner, on the grounds that Title VII does not permit individual liability.

On November 19, 2018, the Magistrate Judge held a telephonic conference and ordered Plaintiff to provide defense counsel all responses to any outstanding written discovery requests no later than November 30, 2018. On November 30, 2018, Plaintiff served responses to Defendant's outstanding discovery requests.

On December 7, 2018, Defendant, Drive-In of Evansville, moved to dismiss the complaint pursuant to Fed. R. Civ. P. 37(b)(2) and 41(b) because of Plaintiff's alleged failures to comply with discovery orders of the Court, for destroying evidence, and for doctoring evidence. Defendant contends that Plaintiff's discovery malfeasance, production of doctored email documents, and destruction of her calendar evidence demonstrate Plaintiff's willfulness, bad faith, and fault. Defendant argues that it has been prejudiced in wasted time, money, and effort in pursuit of this discovery. As a result, Defendant now seeks dismissal of Plaintiff's lawsuit because she has failed to comply with the rules or the Court's orders governing discovery. Plaintiff did not timely respond. On January 7, 2019, Plaintiff moved for leave to file a late response to Defendant's motion to dismiss and tendered her response.

**STANDARD OF REVIEW**

The Sixth Circuit "has held that dismissal under Rule 37 is the 'sanction of last resort' that 'should be imposed only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault.'" Bowlin Constr. Enterprises, Inc. v. Griffin, 2012 WL 12925380, at *3 (E.D. Ky. Feb. 9, 2012) (quoting Beil v. Lakewood Eng'g & Mfg. Co., 15 F.3d 546, 552 (6th Cir. 1994)). Similarly, "'[t]he dismissal of a claim for failure to prosecute [under Rule 41] is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff.'" Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 736 (6th Cir. 2008) (quoting Wu v. T.W. Wang, 420 F.3d 641, 643 (6th Cir. 2005)). In determining whether to dismiss a matter under Rule 37 or Rule 41, "the Court must consider four factors, no one of which is dispositive: 1) whether the party's failure was due to willfulness, bad faith or fault; 2) whether the adversary was prejudiced by the failure; 3) whether the party was warned that its failure could lead to the sanction; and 4) whether less drastic sanctions were first

imposed or considered." Bowlin Constr. Enterprises, 2012 WL 12925380, at *3 (citing Freeland v. Amigo, 103 F.3d 1271, 1277 (6th Cir. 1997)).

**DISCUSSION**

There is nothing in the record to suggest such a harsh sanction as dismissal of the case is appropriate under Rule 37(b)(2) or Rule 41(b). Plaintiff's conduct does not meet the first prong of the Sixth Circuit's test for dismissal, in that she did not act "with 'willfulness, bad faith, or fault.'" Williams v. Montesi's Supermarket, 2014 WL 4199541, at *5 (W.D. Tenn. Aug. 25, 2014) (quoting Freeland, 103 F.3d at 1277). To support a finding that a plaintiff's actions were motivated by willfulness, bad faith, or fault under the first factor, the plaintiff's conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." Schafer, 529 F.3d at 737 (citing Wu, 420 F.3d at 643). Here, Plaintiff complied with the Magistrate Judge's November 19, 2018 Order instructing her to respond to any outstanding written discovery requests no later than November 30, 2018. "Defendant's insinuations of misconduct and complaints about a *pro se* petitioner's less than perfect responses to discovery do not convince this Court that" Plaintiff failed to make "a good faith attempt to comply with discovery requests." Williams, 2014 WL 4199541, at *2. Therefore, dismissal of the case pursuant to Fed. R. Civ. P. 37(b)(2) and 41(b) is not appropriate.

At most, Defendant may be entitled to additional discovery or sanctions based on the content of Plaintiff's answers to interrogatories and responses to production of documents. However, Defendant did not comply with Fed. R. Civ. P. 37(a)(1)[1] or 37(d)(1) prior to filing the motion to dismiss. While Defendant contacted the Magistrate Judge's office, it does not appear

---

[1] Fed. R. Civ. P. 37(a)(1) provides that a "motion [to compel discovery] must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

from the record that Defendant communicated with Plaintiff to settle the discovery dispute prior to contacting chambers. For example, Fed. R. Civ. P. 37(d)(1) provides that a motion for sanctions for failing to answer interrogatories or respond to a request for inspection must include "a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B). Defendant did not include a certification that it conferred with Plaintiff regarding the alleged deficiencies in her responses prior to contacting the Magistrate Judge or filing the motion to dismiss.

For these reasons, the Defendant's motion to dismiss is denied. Defendant should confer or attempt to confer with Plaintiff regarding the alleged discovery deficiencies pursuant to Rule 37(a)(1) and Rule 37(d)(1)(B). If that is not successful, the Defendant may contact the Magistrate Judge as instructed in the scheduling order.

Given the Court's decision on Defendant's motion to dismiss, the Court need not consider Plaintiff's motion for leave to file a late response.

## CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

1. The motion by Defendant, Drive-In of Evansville, to dismiss the claims against it for Plaintiff's failure to comply with court orders, destroying evidence, and doctoring evidence [DN 32] is **DENIED**.

2. The motion by Plaintiff, Tamatha Spencer, for leave to file a late response to Defendant's motion to dismiss [DN 34] is **MOOT**.

cc: counsel of record
Tamatha Spencer, *pro se*
Magistrate Judge Brent Brennenstuhl

Joseph H. McKinley Jr., District Judge
United States District Court

February 4, 2019

4